Model Plan  Trustee: ☐ Marshall  ☐ Meyer
11/22/2013  ☐ Stearns  ■ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. **16-06932** |
|---|---|---|
|  | ) |  |
| **Ellawease Earls** | ) |  |
|  | ) |  |
| Debtors. | ) | Modified Chapter 13 Plan, dated 4/7/16 |

■   A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **2**; (b) their ages are **_, 87**; (c) total household monthly income is $ **4,878.90**; and (d) total monthly household expenses are $ **4,580.00**, leaving $ **298.90** available monthly for plan payments.

2. The debtor's Schedule J includes $ **250.00** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for ___ months prior to filing this case.

**Section B.**
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☐ The debtor will make no direct payments to creditors holding prepetition claims. /or/

■ The debtor will make current monthly payments, as listed in the debtor's Schedule J-- increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __Americas Servicing Co/Wells Fargo Home M__, monthly payment, $ __1,054.00__
Creditor: __CCO Mortgage Corp.__, monthly payment, $ __1,100.00__
Creditor: __Specialized Loan Servicing LLC__, monthly payment, $ __80.00__

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term*. The debtor will pay to the trustee $ __297.45__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __17,847.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term*. If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion*. ■ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees*. Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __892.20__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments*. Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

-NONE-

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral*. All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

**-NONE-**

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __0.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim:___**-NONE-**___ shall be paid at ___**N/A**___% of the allowed amount. The total of all payments to this special class is estimated to be $___**N/A**___. [Enter this amount on Line 2g of Section H.]

Reason for the special class: _____**N/A**_____ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ■ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than ___**N/A**___% of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest.* ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___**N/A**___% [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $ 17,847.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
   (a) Trustee's fees     $ 892.20
   (b) Current mortgage payments     $ 0.00
   (c) Payments of other allowed secured claims     $ 0.00
   (d) Priority payments to debtor's attorney     $ 0.00
   (e) Payments of mortgage arrears     $ 0.00
   (f) Payments of non-attorney priority claims     $ 0.00
   (g) Payments of specially classified unsecured claims     $ 0.00
   (h) Total *[add Lines 2a through 2g]*     $ 892.20

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*     $ 16,954.80

(4) Estimated payments required after initial plan term:
   (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)     $ 16,954.00
   (b) Minimum GUC payment percentage     100 %
   (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*     $ 16,954.00
   (d) Estimated interest payments on unsecured claims     $ 0.00
   (e) Total of GUC and interest payments *[add Lines 4c and 4d]*     $ 16,954.00
   (f) Payments available during initial term *[enter Line 3]*     $ 16,954.80
   (g) Additional payments required *[subtract Line 4f from Line 4e]*     $ -0.80

(5) Additional payments available:
   (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee     $ N/A
   (b) Months in maximum plan term after initial term     N/A
   (c) Payments available *[multiply line 5a by line 5b]*     $ N/A

**Section I.**  ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*  directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*  Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**  **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   Date _____

**Debtor's Attorney**   /s/ Paul Bach   Date  April 7, 2016

*Attorney Information*
*(name, address,*
*telephone, etc.)*

Paul Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtor is surrendering the real property located at 7116 South University, Chicago IL 60619 to America Servicing Company,/Wells Fargo Bank, N.A. in full satisfaction of its claims.    Pursuant to 11 U.S.C. 1322(b)(9), legal title to the aforementioned property shall vest in America Servicing Company,/Wells Fargo Bank, N.A.. upon confirmation of the Debtor's Chapter 13 Plan.

United States Bankruptcy Court
Northern District of Illinois

In re:  Case No. 16-06932-JPC
Ellawease Earls  Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1     User: dross     Page 1 of 2     Date Rcvd: Apr 07, 2016
                Form ID: pdf003     Total Noticed: 23

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 09, 2016.
```
db          +Ellawease Earls,    8801 South Constance,    Chicago, IL 60617-2955
24268349    +Americas Servicing Co/Wells Fargo Home M,    1000 Blue Gentian Rd. #300,    Mac #X7801-02k,
              Eagan, MN 55121-1786
24268351    +CCO Mortgage Corp.,    C/O RA Illinois Corporation Service C,    801 Adlai Stevenson Drive,
              Springfield, IL 62703-4261
24268352    +Chase Auto Finance,    National Bankruptcy Dept,    Po Box 29506,    Phoenix, AZ 85038-9506
24268353    +Chicago Municipal Emp,    Attn:Collections/Bankruptcy,    18 S Michigan Ave Ste 1000,
              Chicago, IL 60603-3209
24268354    +Chicago Municipal Employee Credit Union,    3510 S. Michigan,    Suite 119,
              Chicago, IL 60653-1020
24302189    +Citizens Bank NA f/k/a RBS Citizens NA,    c/o Codilis & Associates,
              15W030 N. Frontage Road, Suite 200,    Burr Ridge, IL 60527-6921
24268355    +Cook County Clerk,    69 W. Washington, Suite 500,    Chicago, IL 60602-3030
24268356    +Cook County State's Attorney,    69 W. Washington, Suite 3200,    Chicago, IL 60602-3174
24268358    +D Patrick Mularkey,    555 4th Street NW,    Rm 7894, JCB Building,    Washington, DC 20001-2733
24317639    +HSBC Bank USA, National Association as Trustee,    C/O Americas Servicing Co., as servicer,
              Attn: Bankruptcy Dept./MAC# D3347-014,    3476 Stateview Blvd.,    Fort Mill, SC 29715-7203
24309495    +HSBC Bank USA, National Association as Trustee for,    c/o Pierce & Associates, P.C.,
              1 N. Dearborn St. Suite 1300,    Chicago, IL 60602-4321
24268361    +Mayer Brown,    71 S. Wacker Drive,    Chicago, IL 60606-4668
24268362    +Pierce & Associates,    1 North Dearborn,    Ste 1300,    Chicago, IL 60602-4373
24268363     Select Portfolio Servicing,    3815 SW Temple,    Salt Lake City, UT 84165
24268364    +Select Portfolio Servicing, Inc.,    C/O RA Illinois Corporaiton Service C,
              801 Adlai Stevenson Drive,    62703-4261
24268365    +Stephan Adamo, President,    10 Tripes Lane,    Riverside, RI 02915-3014
24268366    +United States Attorney,    219 South Dearborn Street,    Chicago, IL 60604-1708
24268367    +Wells Fargo Bank, N.A.,    420 Montgomery Street,    San Francisco, CA 94104-1298
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
24268350       Fax: 888-777-2057 Apr 08 2016 00:43:39      CCO Mortgage Corp.,    10561 Telegraph Rd,
              Glen Allen, VA 23059
24268357    +E-mail/Text: lbankruptcy@cookcountytreasurer.com Apr 08 2016 00:25:24
              Cook County Treasurer's Office,    118 North Clark Street, Room 112,    Chicago, IL 60602-1590
24268359     E-mail/Text: rev.bankruptcy@illinois.gov Apr 08 2016 00:25:04
              Illinois Department of Revenue,    Bankruptcy Section,    PO Box 64338,    Chicago, IL 60664-0338
24268360     E-mail/Text: cio.bncmail@irs.gov Apr 08 2016 00:24:31      Internal Revenue Service,
              PO Box 7346,    Philadelphia, PA 19101-7346
                                                                                              TOTAL: 4
```
      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2016                                               Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 7, 2016 at the address(es) listed below:
```
              Andrew J Nelson    on behalf of Creditor    Wells Fargo Bank, N.A. DBA America's Servicing Co. as
               servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance
               Corporation, Mortgage Pass-Through Certificate anelson@atty-pierce.com,
               northerndistrict@atty-pierce.com
              Jose G Moreno    on behalf of Creditor    Citizens Bank NA f/k/a RBS Citizens NA
               nd-one@il.cslegal.com
              Jose G Moreno    on behalf of Creditor    HSBC Bank USA, National Association as Trustee
               nd-one@il.cslegal.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
```

```
District/off: 0752-1          User: dross              Page 2 of 2              Date Rcvd: Apr 07, 2016
                              Form ID: pdf003         Total Noticed: 23
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
          Paul M Bach    on behalf of Debtor 1 Ellawease   Earls ecfbach@gmail.com,
           ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info
          Terri M Long    on behalf of Creditor    Specialized Loan Servicing LLC tmlong@tmlong.com, Courts@tmlong.com
          Tom  Vaughn    ecf@tvch13.net,   ecfchi@gmail.com

                                                              TOTAL: 7